Page | 1

RECEIVED
SDNY PRO SE OFFICE

2021 DEC -6 PM 1: 50

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ X

**PAULINE EVANS**                              Civil Action No.
3550 HUGUENOT AVENUE
BRONX, NY 10475                              **CIVIL COMPLAINT**
                                             FOR DECLARATORY
                                             JUDGMENT AND INJUNCTIVE
                                             RELIEF
**Plaintiff**

Vs.                                          JURY TRIAL
                                             DEMANDED

**NEW YORK CITY HEALTH AND HOSPITALS**
**CORPORATION ("NYCHHC")**
125 WORTH STREET
New York, NY 10013-4006                      21 CV 10378
**NEW YORK CITY HEALTH AND HOSPITALS**
**CORPORATION  LINCOLN  ("LINCOLN")**
**234 EAST 149TH STREET**
**BRONX, NY 10451**
**Defendant(s)**
_____ X


## CIVIL COMPLAINT

Plaintiff, Pauline Evans  (hereinafter "Evans") , appearing Pro Se, hereby complains and alleges

the following against the defendants:

## INTRODUCTORY STATEMENT

1.   This is an action  seeking declaratory judgment and injunctive relief  against defendants for

     their violation of  established Federal Statutes  as outlined herein.  This Court has

     jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) (equitable

     relief), and 42 U.S.C. §§ 1983 and 1988, as well as under non statutory equitable

jurisdiction.   The violations alleged are related to the novel coronavirus SARS-CoV-2, which the World Health Organization  said can  cause the disease COVID-19, which had spread across the globe as of the Spring of 2020.  Plaintiff alleges and maintains the position  that the premises relied upon by the defendants  to capriciously  terminate her employment of over 30 years  and irreparably jeopardized her means of livelihood  on November 1st, 2021, was a clear violation of  the EUA statute, 21 U.S.C. § 360bbb-3, and in so doing have concurrently violated the letter of 42 U.S.C. §§ 1983 and 1988, for which she now seeks redress.

<div align="center">JURISDICTION</div>

2.   This Court has jurisdiction over the causes of action in this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) (equitable relief), and 42 U.S.C. §§ 1983 and 1988, as well as under non-statutory equitable jurisdiction.  The claims in this complaint  arise under the Constitution and statutes of the United States and because Plaintiff, Evans, seeks prospective redress against state actors in their official capacity to end the deprivation, under state law, of her rights, privileges, and immunities secured by federal law.

3.   VENUE

4.   Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 because  Evans resides in this judicial district and a substantial part of the events, actions, or omissions giving rise to the claim occurred in this judicial district, where defendants NYCHHC  and  LINCOLN  are principally located.

5.   Upon information and belief, this Court is vested with equitable powers to issue non-statutory injunctions to protect Plaintiff, against wayward state actors engaged in unlawful conduct. *See Trump v. Vance*, 140 S. Ct. 2412, 2428-29 (2020) ("*Ex parte Young*, 209 U.S. 123, 155–156 (1908) (holding that federal courts may enjoin state officials to conform their conduct to federal law).")

6.   Plaintiff alleges that defendants NYCHHC and LINCOLN possess a firsthand uninhibited connection and control to the enforcement of NYCHHC and LINCOLN 'S COVID-19 vaccine mandate and as such are proper actors within the framework as outlined in paragraph 5 above.

7.   Defendants respectively run LINCOLN, administer it, control its activities, have authority to bind it, and personally participated in formulating and issuing the mandate being challenged here  *See generally Free Enter. Fund v. PCAOB*, 561 U.S. 477, 491 n.2 (2010) (collecting cases in the vein of *Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the *jurisdiction* of federal courts to issue injunctions to protect rights safeguarded by the Constitution")

8.   <u>PARTIES IN THIS ACTION</u>

9.    Plaintiff , Pauline Evans, is a United States Citizen, hired by defendant, LINCOLN, on December 18, 1989, as a Nurse's Aide.  On the day of her sudden termination Plaintiff, Evans occupied the position of Head Nurse.

10. Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("NYCHHC")** upon information and belief , was created in 1969 by New York State Legislature as a public benefit corporation.  It acts as the operator of defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION  LINCOLN.**

11. Defendant, **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION LINCOLN** ("LINCOLN")**,** upon information and belief is a full service medical center and teaching hospital operated by defendant **NYCHHC**

12. <u>FACTUAL ALLEGATION</u>

13. Plaintiff, Pauline Evans, was hired  by defendant, LINCOLN, on December 18, 1989, as a Nurse's Aide.  She subsequently attained the position of Head Nurse and remained in that position  until the day of her capricious and unlawful termination for refusal to take an emergency use only vaccine forced on her.

14. On or about  September 3, 2021,  Plaintiff  received a notice from LINCOLN informing her of  a certain Mandatory  COVID-19 vaccination Policy, which mandated her to get vaccinated or lose her employment.

15. Plaintiff responded to the said notice expressing  her objections  pursuant to established federal law.

16. The defendants, although properly served with the said objections from 9/7/21, intentionally ignored plaintiff's notices, and instead continued with their threats of sudden termination of her employment  without any of the benefits she has accrued for over 30 years.

17. All through the 31 years Plaintiff functioned as an employee of defendants, she maintained an exemplary and excellent record of work ethic, efficiency, and productivity as evidenced by the evaluations and promotions she received through those years.

18. Plaintiff competently carried out all assigned duties evidenced by her exemplary work evaluations.

19. After sending numerous notices outlining her objections to the mandated EUA COVID-19 VACCINE, she was ignored and instead received intensified threats of job termination from human resources.

20. Finally, on October 21, 2021, she received another notice from Yvette Villanueva, Senior Vice President, Human Resources, telling her that her employment will become effectively terminated on November 1, 2021, if she did not show proof of taking the said vaccine.

21. On the day of November 1, 2021, Plaintiff found to her horror that all access she had to the job premises were deactivated .

22. <u>COVID-19 VACCINES</u>

23. On or about the Spring of 2020, the world became aware that a certain novel corona-virus SARS-CoV-2, which can cause the disease COVID-19, had spread across the globe.

24. Upon Information and belief, the Federal Government launched "Operation Warp Speed," which aimed at developing three separate corona-virus vaccines for the United States for emergency use against COVID-19 which had been declared a global pandemic by the World Health Organization.

25. Because of the Federal government's "Operation Warp Speed," three separate corona-virus vaccines were developed and approved more swiftly than any other vaccine in our nation's history.

26. Upon information and belief, The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer- BioNTech COVID-19 Vaccine ("Pfizer Vaccine") on December 11, 2020.

27. One week later, the FDA issued a second EUA for the Moderna COVID-19 Vaccine ("Moderna Vaccine")

28. Upon information and belief, other vaccines have since been added to the list of FDA'S EUA list.

29. Plaintiff respectfully now brings to the Court's attention the letter of the statute that the EUA vaccines were authorized under, to wit, 21 U.S.C. § 360bbb-3.

30. It is extremely noteworthy that Plaintiff should respectfully display the letter of the statute which the FDA relied on to approve into the Public domain the EUA vaccines being complained of in this action because it is germane to Plaintiff's contention that defendants violated the law by mandating the vaccination without an option to refuse as commanded by the EUA STATUTE.

31. The EUA statute, 21 U.S.C. § 360bbb-3, explicitly states that anyone to whom the product is administered must be informed of the option to accept or to refuse it, as well as the alternatives to the product and the risks and benefits of receiving it.

32. Upon information and belief, on or about July 2021, The Mayor of the city of New York issued an order for mandatory covid-19 testing for all City Municipal workers.

33. Shortly after, on or about  August 3, 2021, upon information and belief, a mandatory proof of the EUA vaccination was required for all in door places of business in the City of New York,

34. Defendant, LINCOLN, upon information and belief, on their own accord and volition adopted the CITYOF NEW YORK EUA VACCINE MANDATE, and  implemented a mandatory policy as a condition for Plaintiff retaining her employment with  LINCOLN.

35. Plaintiff, when confronted by defendants, demanding that she should produce proof of vaccination, sent to defendants and their legal counsel a series of  notices informing them that the  EUA statute, 21 U.S.C. § 360bbb-3, explicitly states that anyone to whom the product is administered must be informed of the option to accept or to refuse it.

36. Defendants ignored the entire contents of the notices and the many United States Supreme Court cases which supported her position and instead issued threats of  immediate job loss to plaintiff if she did not show them proof of having receiving the vaccine shots.

37. Plaintiff reminded them through of the notices that defendants will irreparably damage her substantive due process rights if they continued with their threats of job termination, but they simply ignored her and issued an irrevocable threat through the certain  NOTICE of October 21, 2021, informing her that her employment with LINCOLN was terminated from November 1, 2021.

38. CLAIMS OF DAMAGES & TORTIOUS INTERFERENCE AGAINST DEFENDANTS

39. Plaintiff made diligent effort to convey the available facts of the potency and established reliability on natural immunity to defendants but they capriciously ignored her.

40. For example, upon information and belief and relying on the most consensus scientific opinion on the subject matter, it is well settled that there is currently more data on the durability of natural immunity than there is for vaccine immunity, researchers rely on the expected durability of natural immunity to predict that of vaccine immunity. [ Please see detailed scientific study published by <u>Drs. Daniela Weiskopf, Alessandro Sette, and Shane Crotty from the La Jolla Institute for Immunology</u> , and posted on the website of National Institute of Health (NIH) titled, "*Lasting immunity found after recovery from COVID-19*" *dated January 26, 2021, accessed through the Internet via this URL,* "<u>*https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19*</u>" *article attached herein as exhibit A.*

41. In the above cited study, the researchers concluded in pertinent part that, "*Several months ago, our studies showed that natural infection induced a strong response, and this study now shows that the responses last,*" *Weiskopf says.* "<u>*We are hopeful that a similar pattern of responses lasting over time will also emerge for the vaccine-induced responses*</u>." [Emphasis is by Plaintiff]

42. As illustrated in the foregoing paragraphs, the Policy of forced vaccine mandate as promoted and enforced by defendants, , constitutes an unconstitutional condition, because it

is poorly disseminated to protect the public health, yet it poses disproportionate risks on some of its targets.

43. As such, with the facts demonstrated herein, such Mandate remains an unlawful condition insufficiently germane to its purported purpose. Furthermore, the disciplinary and other draconian burdens that NYCHHC AND LINCOLN have used to leverage ostensibly voluntary compliance with its Policy are not proportional to the purported public health aims.

44. The above cited ambiguity remains in conflict with the objectives of the statute governing administration of medical products authorized for emergency use only. Pursuant to the Supremacy Clause of the United States Constitution, federal law overrides conflicting state law and as such any STATE LAW relied upon by defendants NYCHHC AND LINCOLN in this matter is preempted and must be enjoined.

45. Plaintiff, Evans, HAS EXPERIENCED, AND WILL CONTINUE TO EXPERIENCE, CONCRETE AND PARTICULARIZED HARM AS A DIRECT CONSEQUENCE OF LINCOLN'S VACCINE POLICY.

## **CLAIMS FOR RELIEF**

## COUNT I: VIOLATION OF THE RIGHT TO REFUSE UNWANTED AND MEDICALLY UNNECESSARY MEDICAL CARE

46. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set

47. NYCHHC AND LINCOLN 'S coercive Policy requires Evans to take a vaccine without her consent—and against the expert medical advice of her chosen advisor —thereby depriving her of her ability to refuse unwanted medical care.

48. Defendants cannot show that they have a compelling interest in coercing Plaintiff into taking a COVID-19 vaccine, because LINCOLN has no compelling interest in treating employees with natural immunity any differently from employees who obtained immunity from a vaccine.

49. Plaintiff has suffered and will continue to suffer damage from Defendants' conduct. There is no adequate remedy at law, as there are no remedies that could compensate for the deprivation of her constitutional rights.   She will suffer irreparable harm unless this Court enjoins Defendants from enforcing their Policy.

50. COUNT II: VIOLATION OF THE UNCONSTITUTIONAL CONDITIONS DOCTRINE AND THE FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS.

51. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set

52. Unconstitutional conditions case law often references the existence of varying degrees of coercion. According to that body of law, LINCOLN cannot impair Pauline Evans' right to refuse medical care through subtle forms of coercion any more than it could through an explicit mandate. *See, e.g.*, *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013), but they did terminating her employment of over 30 years.

53.  ("[U]nconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them"); *Memorial Hosp. v. Maricopa Cty.*, 415 U.S. 250 (1974) ("[An] overarching principle, known as the unconstitutional conditions doctrine … vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up").

54.  The Due Process Clause of the Fourteenth Amendment provides: "nor shall any state deprive any person of life, liberty, or property, without due process of law … ." U.S. Const., amend. XIV, sec. 1.

55.  Plaintiff, Pauline Evans  possesses both a liberty interest in her bodily integrity and, as  a Professional, a property interest in her remunerative  employment career.

56.  LINCOLN  cannot by means of its Policy reverse  the burden of proof and require Evans to prove that it is safe for her to work  without being vaccinated. And setting up such a process, which is what LINCOLN's Policy does, thereby represents a concurrent *procedural* due process violation and an unconstitutional condition burdening her  liberty interests to be free of unwanted medical interventions.

## COUNT III—VIOLATION OF THE SUPREMACY CLAUSE

57.  Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set

58.  Defendants' Policy requires and mandates  Evans to receive a vaccine in order to work effectively without regard to her natural immunity or the health risks she faces.

59.   She also must divulge personal medical information by uploading it into an online portal
      and is threatened with termination action if she declines to comply with these arbitrary
      mandates.

60.   The Policy thus coerces or, at the very least, unduly pressures Evans into getting a vaccine
      that FDA approved only for emergency use.

61.   The United States Constitution and federal laws are the "Supreme Law of the Land" and
      supersede the constitutions and laws of any state. U.S. Const. art. VI, cl. 2.

62.   "State law is pre-empted to the extent that it actually conflicts with federal law."*English v.
      General Elec. Co.*, 496 U.S. 72, 79 (1990) (internal citations and quotation marks omitted).

63.   Federal law need not contain an express statement of intent to preempt state law for a court
      to find any conflicting state action invalid under the Supremacy Clause. *See Geier v.
      American Honda*, 520 U.S. 861, 867-68 (2000).

64.   Federal law preempts any state law that creates "an obstacle to the accomplishment and
      execution of the full purposes and objectives of Congress." *Arizona v. United States*, 567
      U.S. 387, 399-400 (2012).

65.   The EUA statute mandates informed and voluntary consent. *See John Doe No. 1 v.
      Rumsfeld*, No. Civ. A. 03-707(EGS), 2005 WL 1124589, *1 (D.D.C. Apr. 6, 2005)
      (allowing use of anthrax vaccine pursuant to EUA "on a *voluntary* basis"). *See also* 21
      U.S.C. § 360bbb- 3(e)(1)(A)(ii).

66. It expressly states that recipients of products approved for use under it be informed of the "option to accept or refuse administration," and of the "significant known and potential benefits and risks of such use, and of the extent to which such benefits and risks are unknown."

67. Since NYCHHC/LINCOLN's Policy (a state program) coerces Evans by making enjoyment of her constitutionally and statutorily protected consent rights contingent upon receiving an experimental vaccine, it cannot be reconciled with the letter or spirit of the EUA statute. *See* 21 U.S.C. § 360bbb-3.

68. The conflict between NYCHHC/LINCOLN's State Policy and the EUA statute is very clear given that the statute's informed consent language requires that recipients be given the "option to refuse" the EUA product. That is at odds with the Policy's forcing Evans to sustain significant irreparable  injury to her career through the  sudden termination of her life work for refusing to take the vaccine.

69. NYCHHC/LINCOLN's  Policy clearly frustrates the objective of  the EUA statute.

70. Plaintiff, Pauline Evans has suffered and will continue to suffer damage from Defendants' conduct. There is no adequate remedy at law, as there are no damages that could compensate Evans for the deprivation of her constitutional or statutory rights.

71. Defendants' Policy is invalid pursuant to Article VI, Cl. 2 of the United States Constitution, and must be enjoined and set aside.

72.   42 U.S.C. § 1983 provides a civil right of action for deprivations of constitutional

protections taken under color of law.

73.   Pauline Evans, is entitled to declaratory and injunctive relief pursuant to 42 U.S.C. § 1983

because she is being deprived of "rights, privileges, or immunities secured by the

Constitution and laws." Section 1983 thus supports both Evans' constitutional and statutory

causes of action against the NYCHHC/LINCOLN defendants because Section 1983 protects

rights "secured by the Constitution *and* laws." 42 U.S.C. § 1983

## RELIEF REQUESTED

WHEREFORE, Plaintiff , Pauline Evans,  respectfully requests that the Court find the Defendants

have committed the violations alleged and described above,

A.      A declaratory judgment that NYCHHC/LINCOLN's Policy infringes upon Plaintiff's

constitutionally protected rights to protect her bodily integrity and to refuse unnecessary medical

treatment.

B.      Award Compensatory and punitive damages, that may inadequately  provide financial

compensation to Plaintiff for the sudden termination of her employment and career; including but

not limited to projected accumulated benefits projected to be in excess of $10 million US Dollars

in lieu of her pension and retirement which have suddenly vanished under the color of law, in

tandem with her reasonable life expectancy, productivity and skill, as sole provider for her family

and household .

Plaintiff  further seeks monetary damages against all defendants for the amount of $20 million US dollars.

C.      Injunctive relief restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them (*see* Fed. R. Civ. P. 65(d)(2)), and each of them, from enforcing coercive or otherwise pressuring policies or conditions similar to those in the Policy that act to compel or try to exert leverage on LINCOLN's employees with natural immunity to get a COVID-19 vaccine.

D.      An award of reasonable Attorneys Fees

E.      Any and all further relief this Honorable Court may deem fair and equitable.

## JURY DEMAND

Plaintiff herein demands a trial by jury of any triable issues in the present matter.

Respectfully Submitted,

December  2,  2021.

**PAULINE EVANS**
3550 HUGUENOT AVENUE
BRONX,  NY 10475

## SERVICE LIST

TO:
**RUBY J KRAJICK**
**CLERK OF THE COURT**
**DANIEL PATRICK MOYNIHAN**
**UNITED STATES COURTHOUSE**
**500 PEARL STREET**
**NEW YORK, NY 10007 - 1312**


**DEFENDANTS:**
**NEW YORK CITY HEALTH AND HOSPITALS**
**CORPORATION ("NYCHHC")**
125 WORTH STREET
New York, NY 10013-4006

**NEW YORK CITY HEALTH AND HOSPITALS**
**CORPORATION  LINCOLN  ("LINCOLN")**
**234 EAST 149TH STREET**
**BRONX, NY 10451**
**Defendant(s)**



October 21, 2021

According to our records, you have remained non-compliant with the COVID-19 vaccination requirement. Since you remain unvaccinated, active, and on leave without pay, we want to outline what your options are moving forward.

**Option 1: Get Vaccinated**
Get vaccinated by October 29, 2021 and you will be able to return to work:
Vaccines are free and widely available at NYC Health + Hospitals locations.
Employees who receive their vaccination at a NYCH+H site will be prioritized for vaccination and proof of vaccination will be automatically uploaded to OHS. You can easily schedule your vaccine via this online COVID-19 Vaccination Scheduler. (https://covid19.nychealthandhospitals.org/covid19vaccinationscheduler/Account/Sign In)

**Option 2: Voluntarily Resign With Additional Benefits**
Should you choose to remain unvaccinated, you may voluntarily resign **and** continue to receive health benefits through the end of your separation date (no later than December 31, 2021) and receive an additional lump sum payout of one work week of pay. To be eligible for these additional benefits, you will have to submit a release and waiver of claims against the System by **Friday, October 29, 2021.**

The following link: https://crpvms2coviddev.corp.nychhc.org:1837/Home/Index will redirect you to the Voluntary Release and Waiver for Unvaccinated Employees. Please click here to electronically review the Voluntary Release and Waiver. If you electronically sign the form and submit it, an acknowledgement response will be electronically sent to you.

**Option 3: Administrative Separation**
If you choose to remain unvaccinated and do not elect to receive the additional benefits descripted in Option 2, you will be separated from NYC Health + Hospitals on Monday, November 1, 2021.

If you have any questions, contact HRInformation@nychhc.org or call 646 694-6633.

Respectfully,

Yvette Villanueva
Senior Vice President, Human Resources



 **NEW YORK CITY HEALTH + HOSPITALS**

## INITIAL LETTER

**Employee ID#:**   000015449

**Date:**  11/05/2021

JULIAN ASHMAN
3550 HUGUENOT AVE
BRONX, NY  10475

Dear JULIAN ASHMAN,

This is written to inform you that your health insurance will terminate on **11/06/2021 . You are no longer eligible for medical coverage.** The law requires that the city and welfare funds offer employees and their families the opportunity to continue group health and or welfare fund coverage under COBRA at 102% of the group rates, or under other health care options including, coverage through the Health Insurance Marketplace at  www.healthcare.gov or call 1-800-318-2596.

Attached for your review are the following materials:

* **Continuation coverage (COBRA) Election Form;**
* **COBRA Enrollment Form, Monthly Premiums, and Carrier Addresses;**
* **Notice of Rights;**
* **Frequently Asked Questions (FAQ's);**

The "Notice of Rights" will provide you with information on your right to continue your health insurance coverage through COBRA. Should you decide to continue your health insurance; there are some requirements for your parent/guardian as well as for yourself. You can find those requirements on the FAQ's, along with answers to other questions you may have. The Certificate of Group Health Plan Coverage will provide evidence of your prior health coverage, when you become eligible.

**If you wish to continue your health insurance through COBRA or the Health Insurance Marketplace it is important to note, you must apply for COBRA within sixty (60) days from the date your coverage ceases.**

Please note the following:

* To continue your welfare fund benefits through COBRA, please contact your fund directly for options and premium information.

If you have any questions, please contact us at  hhcbenefits@nychhc.org or 646-458-5634.

Sincerely,

Benefits Department

---

Pauline Evans
3550 Huguenot Avenue
Bronx, New York, 10457
9/7/2021

Hire date: 12/18/1989
Current position: Head Nurse
Annual income$110,879.000
Pension Tier 4 @3% earnings

New York City Health & Hospital Corp.
Legal Affairs Office
Room 527
125 Worth St
New York, NY 10013- 4006

**<u>RE: Mandatory COVID-19 Vaccination Policy</u>**

<u>NUNC PRO TUNC NOTICE OF COUNTER-CLAIMS FOR TORTIOUS
INTERFERENCE  & WANTON VIOLATION OF THE US CONSTITUTION
AND SUPREME LAWS OF THE LAND AS PER YOUR FAILURE &
REFUSAL TO PRODUCE  YOUR SOURCE OF AUTHORITY TO
CAPRICIOUSLY & PREMATURELY VOID, TERMINATE AND ERASE  MY
PROFESSIONAL CAREER/LIVELIHOOD  CAUSING IRREPARABLE
DAMAGES AND PRECARIOUS FUTURE.</u>  [SEE Cruzan, 497 U.S. at 278; *King
v. Rubenstein,* 825 F.3d 206, 222 (4th Cir. 2016)]

STATE OF NEW YORK):

COUNTY OF BRONX):

Pauline Evans  now says as follows in response to your  E-MAIL NOTICE

DATED:9/3/2021, 9:05 A.M. (attached herein as exhibit A)

1.      WHEREAS, You were properly served NOTICE demanding that you

        produce for the record the source of your authority to force me to

        vaccinate and forcefully terminate my job,

2.   AND WHEREAS, LET THE RECORD SHOW, I NEVER INTENDED TO VOLUNTARILY ABANDON MY JOB, AS SUCH IT REMAINS A FACT THAT YOU & YOURS FORCED AND IMPOSED A PREMATURE TERMINATION through your threats and coercion.

3.   AND WHEREAS, in the said NOTICE you were made aware of the fact that your so-called  enforcement of  A coerced and forced vaccine was in violation of  the Supreme Law of the Land as detailed in, " The Supreme Court has recognized that the Ninth and Fourteenth Amendments protect an individual's right to privacy. A "forcible injection … into a non-consenting person's body represents a substantial interference with that person's liberty[.]" *Washington v. Harper*, 494 U.S. 210, 229 (1990).

4.   AND WHEREAS, YOU WERE FURTHER MADE AWARE THAT, your so-called  enforcement of  A coerced and forced vaccine was in violation of  the Supreme Law of the Land as detailed in, THE US CONSTITUTION, protects a person's right to "refus[e] unwanted medical care." Cruzan, 497 U.S. at 278; King v. Rubenstein, 825 F.3d 206, 222 (4th Cir. 2016), AND AS SUCH, pursuant to the Supreme Doctrine found in "*The claim and exercise of a constitutional right cannot be converted into a crime.*" *Miller v. US,* 230 F 486, at 489.]

5.     AND WHEREAS, YOU WERE FURTHER MADE AWARE THAT,

your so-called enforcement of A coerced and forced vaccine was in

violation of the Supreme Law of the Land as detailed in, This right is "so

rooted in our history, tradition, and practice as to require special

protection under the Fourteenth Amendment." Washington v.

Glucksberg, 521 U.S. 702, 722 n.17 (1997).

6.     AND WHEREAS, YOU WERE FURTHER MADE AWARE THAT,

your so-called enforcement of A coerced and forced vaccine was in

violation of the Supreme Law of the Land as detailed in,

"[U]nconstitutional conditions doctrine forbids burdening the

Constitution's enumerated rights by coercively withholding benefits from

those who exercise them"); *Memorial Hosp. v. Maricopa Cty.*, 415 U.S.

250 (1974) ("[An] overarching principle, known as the unconstitutional

conditions doctrine … vindicates the Constitution's enumerated rights by

preventing the government from coercing people into giving them up").

7.     AND WHEREAS, YOU WERE FURTHER MADE AWARE THAT,

your so-called enforcement of A coerced and forced vaccine was in

violation of the Supreme Law of the Land as detailed in, The

government "may not deny a benefit to a person on a basis that infringes

8.      AND WHEREAS, all of your enumerated intentional violations as detailed in the preceding paragraphs have indisputably qualified you to be a liable actor within the framework of you and yours as tort feasors in your capacities as a *state actors* as defined in 42 U.S. Code § 1983, including but not limited to other liabilities as found in TITLE 18, U.S.C., SECTION 242.

9.      WHEREFORE, as per the specifically outlined intentional violations you have been judged liable of, the damaged party, herein, to wit, foregoing a protective claim of lien in the amount of $2,000,000 (Two Million US Dollars) FOR YOUR CONTUMACIOUS VIOLATIONS OF LAW and placing in jeopardy my future and the futures of all the people who depend on me.

10.     The United States Constitution and federal laws are the "Supreme Law of the Land" and supersede the constitutions and laws of any state. U.S. Const. art. VI, cl. 2.

11.     "State law is pre-empted to the extent that it actually conflicts with federal law." English v. General Elec. Co., 496 U.S. 72, 79 (1990)

New York City Health & Hospital Corp.
Legal Affairs Office
Room 527
125 Worth St
New York, NY 10013- 4006

Barbara Marrero,

Director of Human Resources

234 EAST 149TH STREET

BRONX, NY 10451



NYC HEALTH + HOSPITALS

# RELIEF FROM DUTY ADVANCED NOTICE

September 14, 2021

I will not be signing this Document PE

PAULINE EVANS
Head Nurse
000015449

**Reason for relief from duty:** Failure to comply with Medical Clearance Requirements Regarding COVID-19 Vaccination Mandate.

Be advised that our records indicate that you have not complied with the NYS Mandate COVID-19 Vaccination. Therefore effective Monday, September 27, 2021, you will be relieved from duty **without pay** until your compliance with the New York State COVID-19 Vaccination Mandate. If you obtain proof of compliance prior to Monday, September 27, 2021, please follow the instructions so that your vaccination can be uploaded before September 27, 2021.

Beginning Monday, September 27th Human Resources will code your timesheet as Code 06 (absent without pay) for the duration of your non-compliance with the above mandate.

If you choose to resign prior to Monday September 27th please send an email to Barbara.Marrero@nychhc.org and we will start the offboarding process. We thank you for your commitment and service.

3pm tomorrow

Sincerely,

B Marrero

Director of Human Resources

**Acknowledgement of Receipt of this Notice:**

Employee Signature: ______________________________ Date: ____/____/______

cc: Diaz, Lillian
MARKLAND,AUDREY MAUREEN
Employee Personnel Record