UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINE EVANS,

Plaintiff,

-v-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION and NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION LINCOLN,

Defendants.

21 Civ. 10378 (PAE) (VF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Pauline Evans is a former Head Nurse at New York City Health and

Hospitals Corporation Lincoln ("Lincoln Hospital") who was terminated on November 1, 2021

for failure to comply with the hospital's mandatory COVID-19 vaccination policy for

employees. On December 6, 2021, Evans filed the complaint in this case against New York City

Health and Hospitals Corporation and Lincoln Hospital (collectively, "defendants"), alleging that

defendants' COVID-19 vaccination policy violated (1) her right to refuse unwanted and

medically unnecessary medical care; (2) her Fourteenth Amendment Due Process rights; and (3)

the Supremacy Clause of the United States Constitution. *See* Dkt. 1 ("Compl.") ¶¶ 46–73.

On March 23, 2022, the Court issued an order to show cause instructing Evans to submit

good cause by April 6, 2022 for her failure to serve defendants within the 90-day window. Dkt.

3. On April 11, 2022, when Evans still had not filed a response, the Court dismissed the case

without prejudice for failure to prosecute. Dkt. 4.

On April 22, 2022, Evans moved to reopen the case under Federal Rule of Civil

Procedure 60(b)(1) and filed proof of service as to Lincoln Hospital. Dkts. 5–6. On April 25,

2022, the Court granted Evans's motion and reopened the case. Dkt. 7. On May 19, 2022, Evans filed proof of service as to both defendants. Dkt. 8. Both defendants' deadline to answer or otherwise respond was June 9, 2022. *Id.* Defendants did not respond or otherwise appear by those dates.

On July 11, 2022, the Court ordered Evans to show cause as to why the case should not be dismissed for failure to prosecute, given that she had not filed a motion for default judgment against defendants or obtained a certificate of default. Dkt. 10. On July 25, 2022, Evans filed the instant motion for default judgment against defendants. Dkt. 17 (the "Motion"). On July 28, 2022, Evans filed a proposed Certificate of Default, Dkt. 22, and the Clerk of the Court entered the Certificate of Default the same day, Dkt. 23.

On August 3, 2022, an attorney for the New York City Law Department filed a notice of appearance on behalf of defendants. Dkt. 25. On August 17, 2022, defendants opposed the Motion. Dkt. 27 ("Opp."). On August 24, 2022, Evans replied. Dkt. 31 ("Reply"). On November 2, 2022, the Court referred the Motion to the Hon. Valerie Figueredo, United States Magistrate Judge. Dkt. 33.

On November 28, 2022, the Judge Figueredo issued a Report and Recommendation, recommending that Evans's motion for default judgment be denied. Dkt. 34 ("Report"). On December 9, 2022, Evans objected to the Report. Dkt. 35 ("Obj."). On December 14, 2022, defendants replied to Evans's objections. Dkt. 36 ("Obj. Reply").

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, a district court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Out of solicitude for Evans's status as a *pro se* party, the Court has viewed Evans's objections to the Report through the lenient lens generally accorded *pro se* parties' objections. Even so viewed, Evans's objections are not "specific and clearly aimed at particular findings in the magistrate judge's report" as would justify, even for a *pro se* party, *de novo* review. *See Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017). In any event, whether reviewed for clear error or *de novo*, the Court finds Judge Figueredo's thorough and well-reasoned Report correct in recommending denial of Evans's motion for default judgment.

As to the substance of the Motion, Evans's purported objections simply repeat the same argument she raised in her Motion: that defendants' initial failure to appear, despite their

resources, Obj. ¶¶ 17–18, constitutes "inexcusable," *id.* ¶ 13, or "arrogant dilatory conduct," *id.* ¶ 20; Reply ¶ 11.  In fact, save the addition of baseless insinuations of judicial bias and a misplaced attack on the Magistrate Judge's jurisdiction, Evans's Objections appear to reproduce her Reply verbatim.  *Compare* Reply ¶¶ 4–13, *with* Obj. ¶¶ 13–22.  For the reasons given by Judge Figueredo, Evans's arguments are unpersuasive.  *See* Report at 4–10.

As the Report recognizes, "[w]here, as here, the clerk has entered a notation of default, but a default judgment has not yet been rendered, the Court applies the 'good cause' standard set forth in Rule 55(c)."  *See* Report at 3 (quoting *Team Kasa, LLC v. Humphrey,* No. 17 Civ. 1074 (JS) (AKT), 2018 WL 1867117, at *2 (E.D.N.Y. Jan. 24, 2018), *report and recommendation adopted,* 2018 WL 1083958 (E.D.N.Y. Feb. 26, 2018) (citations omitted)).  In determining whether "good cause" exists, the Court considers "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17 Civ. 9489 (AJN), 2019 WL 1099944, at *1 (S.D.N.Y. Mar. 8, 2019); *McInnis USA Inc. v. Aggrecem Mech., LLC,* No. 21 Civ. 1253 (MKV), 2022 WL 3028980, at *1 (S.D.N.Y. Aug. 1, 2022).

As to the first of these factors, as the Report rightly analyzes, Evans has not adduced any evidence that defendants' failure to respond was willful, let alone egregious or deliberate.  *See* Report at 4–5 (quoting, *inter alia, Loop Prod. v. Cap. Connections LLC,* 797 F. Supp. 2d 338, 346 (S.D.N.Y. 2011) ("[W]illfulness requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered.")).  Defendants have explained that their failure to respond to the complaint earlier was inadvertent and resulted from an "internal office miscommunication."

Dkt. 27 at 4. As supported by the many examples cited in the Report, episodes of "law office failure, even if accompanied by negligence and passivity by counsel, may not rise to the level of willfulness." *Id.* at 5–6 (quoting *Pakter v. Janou Pakter, LLC*, No. 16 Civ. 4288 (PAE), 2018 WL 1635239, at *4 (S.D.N.Y. Apr. 3, 2018) (internal quotation marks omitted)). Evans's accusations of "dilatory conduct"—made in the Motion, Motion ¶ 12, and repeated in her Objections, *see, e.g.*, Obj. ¶ 21—rely on the same inapposite case in which the defendant at issue failed to appear for three years and, upon appearing, did not offer any excuse for that failure. *See* Report at 6 (quoting *131 Main St. Assocs., Inc. v. Manko*, No. 93 Civ. 800 (LBS), 1998 WL 811875, at *2 (S.D.N.Y. Nov. 19, 1998)). This case is far afield.

As to the second factor, Evans states only that she would suffer "irreparable and undue prejudice" generally, but she does not identify any specific prejudice she would suffer were the Motion denied. *See* Report at 6–7 (same, citing Motion ¶ 13); *see also* Obj. ¶ 22. Nor, for the reasons set out in the Report, is any such prejudice apparent, given that this lawsuit was brought relatively recently and is in its early stages. *See* Report at 7 (citing *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (explaining that "it would be almost impossible to establish such prejudice given that [defendant] filed an appearance with the Court less than one month after [plaintiff] filed its motion for a default judgment"); and *Hernandez v. Miller*, No. 22 Civ. 6964 (VSB), 2022 WL 4387315, at *2 (S.D.N.Y. Sept. 22, 2022) (concluding that "minor delay" did not cause "cognizable prejudice" particularly because the case was in the "early stage in the litigation before discovery ha[d] commenced")).

As to the third factor, defendants have presented significant evidence of meritorious defenses to Evans's claims. *See* Report at 7–10. Defendants, in fact, intend to file a motion to dismiss these claims, which they have previewed. *See* Dkt. 27 at 6. In response to Evans's

bodily integrity and due process claims, *see* Compl. ¶¶ 46–56, defendants argue that her argument is foreclosed by *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), and its progeny, and point to support in recent cases addressing COVID-19 vaccination mandates, *see* Report at 9 (collecting cases). And insofar as Evans argues that defendants' vaccination mandate violated the Supremacy Clause, *see* Compl. ¶¶ 57–73, defendants have, again, pointed to multiple court decisions resolving such claims in their favor. *See* Report at 9 (collecting cases); *Gench v. HostGator.com LLC*, No. 14 Civ. 3592 (RA) (GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (threshold for satisfying this factor is "low"); *see also Am. All. Ins. Co. v. Eagle Ins.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Finally, as to Evans's insinuations of judicial bias, *see* Obj. ¶¶ 3, 6, they are patently baseless. Evans's attack—based on the bare premise that she received an unfavorable outcome in litigation against a municipal corporation, *see, e.g., id.* ¶ 6—is unfounded. Judge Figueredo's characteristically careful and well-reasoned Report is correct, whether reviewed for clear error or *de novo*,[1] and any implied motion for recusal of either Judge Figueredo or this Court would be meritless, and is denied.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Figueredo's November 28, 2022 Report and Recommendation in its entirety, and denies Evans's motion for default judgment.

---

[1] As to Evans's apparent objections to the Magistrate Judge's jurisdiction, *see* Obj. ¶¶ 9–12, these are based on a misunderstanding of the Federal Magistrate Act and/or the nature of Reports and Recommendations, *see id.* ¶ 10 ("[A]ffiant denies granting consent to this magistrate act and as such the order should be set aside as prejudicial and violative of her substantive due process rights."). In any event, as stated above, the Court has reviewed the issues raised in Evans's Objections *de novo*.

The Court respectfully directs the Clerk of the Court to terminate the motion at docket 17, vacate the Certificates of Default at dockets 19 and 23, and mail a copy of this decision to Evans at the address on file.  This case remains under the able pretrial supervision of Judge Figueredo.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 27, 2023
       New York, New York