UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULINE EVANS,<br><br>                              Plaintiff,<br><br>              -v-<br><br>NEW YORK CITY HEALTH AND HOSPITALS<br>CORPORATION *and* NEW YORK CITY HEALTH AND<br>HOSPITALS CORPORATION LINCOLN,<br><br>                              Defendants. | 21 Civ. 10378 (PAE) (VF)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Pauline Evans is a former head nurse at New York City Health and

Hospitals Corporation Lincoln ("Lincoln Hospital") who was terminated on November 1, 2021

for failure to comply with the hospital's mandatory COVID-19 vaccination policy for

employees.  On December 6, 2021, Evans filed a complaint in this case against New York City

Health and Hospitals Corporation and Lincoln Hospital (collectively, "defendants"), alleging that

defendants' COVID-19 vaccination policy violated: (1) her right to refuse unwanted and

medically unnecessary medical care; (2) her Fourteenth Amendment due process rights; (3) the

Supremacy Clause of the United States Constitution; and (4) 42 U.S.C. § 1983.  *See* Dkt. 1

("Compl.") at ¶¶ 46–73.

On March 23, 2022, the Court issued an order to show cause instructing Evans to submit

good cause by April 6, 2022 for her failure to serve defendants within the 90-day window.  Dkt.

3.  On April 11, 2022, when Evans still had not filed a response, the Court dismissed the case

without prejudice for failure to prosecute.  Dkt. 4.

On April 22, 2022, Evans moved to reopen her case under Federal Rule of Civil Procedure 60(b)(1) and filed proof of service as to Lincoln Hospital.  Dkts. 5–6.  On April 25, 2022, the Court granted Evans's motion and reopened the case.  Dkt. 7.  On May 19, 2022, Evans filed proof of service as to both defendants.  Dkt. 8.  Lincoln Hospital's deadline to answer or otherwise respond was April 27, 2022.  Dkt. 10.  New York City Health and Hospitals Corporation's deadline to answer or otherwise respond was June 9, 2022.  *Id.*  Defendants did not respond or otherwise appear by those dates.

On July 11, 2022, the Court ordered Evans to show cause as to why the case should not be dismissed for failure to prosecute, given that she had not filed a motion for default judgment against defendants or obtained a certificate of default.  Dkt. 10.  On July 25, 2022, Evans moved for default judgment against defendants.  Dkt. 17.  On July 28, 2022, Evans filed a proposed Certificate of Default, Dkt. 22, and the Clerk of Court entered the Certificate of Default the same day, Dkt. 23.

On August 3, 2022, an attorney for the New York City Law Department filed a notice of appearance on behalf of defendants.  Dkt. 25.  On August 17, 2022, defendants opposed the motion for default judgment.  Dkt. 27.  On August 24, 2022, Evans replied.  Dkt. 31.  On November 2, 2022, this Court referred the motion for default judgment to the Hon. Valerie Figueredo, United States Magistrate Judge.  Dkt. 33.

On November 28, 2022, Judge Figueredo issued a Report and Recommendation, recommending that Evans's motion for default judgment be denied.  Dkt. 34.  On December 9, 2022, Evans objected to the Report.  Dkt. 35.  On December 14, 2022, defendants replied to Evans's objections.  Dkt. 36.  On January 27, 2023, the Court—after evaluating Evans's objections and defendants' reply to those objections—adopted Judge Figueredo's November 28,

2022 report in its entirety, denied Evans's motion for default judgment, and vacated the certificates of default.  Dkt. 37.

On February 16, 2023, defendants moved to dismiss Evans's claims under Federal Rules of Civil Procedure 12(b)(6) and (b)(7), Dkt. 40, and filed a memorandum of law, Dkt. 41 ("Mem."), and declaration, Dkt. 42, in support.  The same day, the Court amended its referral to Judge Figueredo to include defendants' motion to dismiss.  Dkt. 45.  On April 19, 2023, in response to the Court's order, Dkt. 46, Evans opposed the motion to dismiss.  *See* Dkt. 48 ("Opp.").  On April 24, 2023, defendants replied.  Dkt. 50 ("Reply").

On August 7, 2023, Judge Figueredo issued another Report and Recommendation, recommending that the Court grant defendants' motion to dismiss inasmuch as it seeks the dismissal of Evans's claims in their entirety under Rule 12(b)(6).  Dkt. 56 ("Report").  The Report, however, recommends denying the motion inasmuch as it seeks dismissal for failure to join the State of New York as a defendant under Rule 12(b)(7).  *Id.* at 16–17.  It also recommends concluding that because Lincoln Hospital is operated by H+H, a public benefit corporation created by the New York State Legislature, it cannot be sued, *id.* at 2, 9–15, and advising Evans of the same, *id.* at 18.  Finally—because Evans appears to assert a property interest in her employment with Lincoln Hospital, but the Complaint does not contain any factual allegations as to the terms of that employment—the Report recommends affording Evans the opportunity to amend her complaint as to her potential Fourteenth Amendment due process claim.  *Id.* at 10–13.

No party objected to the Report.

The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report in full.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Figueredo's perceptive and characteristically well-reasoned and thorough Report reveals no facial error in its conclusions. The Report is therefore adopted in its

entirety.  Because the Report explicitly states that the parties "shall have fourteen (14) days to file written objections to this recommendation," and that the failure to file timely objections "will preclude the right to object and also will preclude appellate review," Report at 18, the parties' failure to object operates as a waiver of appellate review.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Figueredo's thoughtful August 7, 2023 Report and Recommendation in its entirety.  Accordingly, the Court grants defendants' motion inasmuch as it seeks dismissal of Evans's claims in full under Rule 12(b)(6), but denies it insofar as it does so on the basis of Rule 12(b)(7).  This dismissal is without prejudice to Evans's right to timely replead the Fourteenth Amendment due process claim, for the limited purpose of adding allegations as to the nature of her employment.  Evans's amended complaint, adding such allegations, is due Friday, September 15, 2023.  If such a complaint is not filed by that date, the Court will then close this case, with prejudice to the filing of an amended complaint.  The Court respectfully directs the Clerk of the Court to terminate the motion at docket 40, and to mail a copy of this decision to Evans at the address on file.  *See* Dkt. 55.  This case remains under the able pretrial supervision of Judge Figueredo.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated:  August 29, 2023
      New York, New York